Day, J.
 

 concurring. I concur in the judgment and opinion of the majority for the reason therein stated, and also for the following further reasons:
 

 Section 486-14, General Code, requires that a “noncompetitive
 
 examination”
 
 be given preliminary to and for the effectiveness of a provisional appointment. (Italics mine.)
 

 Under the Civil Service Act, an “examination” is the condition precedent to appointment — a “competitive examination” for permanent appointment, and a “non-competitive examination” for a provisional appointment. The examination in either instance must precede the appointment.
 

 An examination, competitive or non-competitive, is by statute required for the purpose of ascertaining the qualifications and fitness of the nominee to fill a given position. In essence, there is no distinction in the quality of examination to be given. The only distinction between the two types of examination is that one is competitive and the other non-competitive, but similar basic tests are to be applied to determine the merit and fitness of a nominee prior to his appointment.
 

 
 *422
 
 In the instant ease, it appears that the relator was not at any time given a non-competitive examination. He filled ont a questionnaire blank. This was by no means an “examination” within the letter and spirit of the civil service statutes for the determination of merit and' fitness.
 

 It is my opinion that a non-competitive examination is a primary requisite for provisional appointment under our civil service laws, and one not thus appointed is not entitled to the benefit and protection of the civil service law.